BENJAMIN A. VAIL, receiver, appellant,

*v.*

JAMES JAMESON, respondent.

The preference of one creditor of a corporation over other creditors, by means of a mortgage on corporate property is not now prohibited by law or objectionable in itself.

On appeal from an order advised by Vice-Chancellor Van Fleet.

*Mr. Ephraim Cutter,* for appellant.

*Mr. C. C. Hommann,* for respondent.

The opinion of the court was delivered by

MAGIE, J.

The question presented by this appeal relates to the proceeds of a sale of property of an incorporated company, made by a receiver appointed under the act concerning corporations, with the concurrence of a creditor of the company holding a chattel mortgage thereon. The latter claims the proceeds of the sale by virtue of his mortgage; the receiver contends that he should be permitted to distribute the proceeds among the general creditors.

The receiver was appointed February 19th, 1885, on a bill filed by a creditor and stockholder February 17th, 1885.

The mortgage was made by the company to respondent, Jameson, September 27th, 1884, and was therein declared to be intended to secure the payment of such notes, (not exceeding

$6,000) as had then been or might thereafter be made by the company, and endorsed by Jameson for the accommodation of the company.

The case shows that when the mortgage was made, Jameson was an accommodation endorser on a note of the company for $3,000, which was afterward renewed, and was outstanding when the bill was filed, and that on September 29th, 1884, he endorsed a note for $2,000, for the accommodation of the company, which was also renewed and outstanding when the bill was filed. Jameson paid both the outstanding notes, and a large sum is due to him.

The receiver's contention is that Jameson's chattel mortgage was a transfer of the company's property to him after insolvency, and as a preference over other creditors, and that it is thereby rendered null and void as against creditors.

But the evidence has not satisfactorily made out that the company was insolvent when the mortgage was made, or that it was made as a preference.

The decree made in the proceedings fixed the insolvency of the company as having occurred on December 10th, 1884. The mortgagee's petition was filed in that cause. If the decree does not conclude the receiver in this proceeding, the evidence he has produced is not sufficient to establish the fact of insolvency at a time prior to the date of the mortgage.

, The only facts tending to show the intent with which the mortgage was made, seem to indicate that it was designed rather as security for the loan of Jameson's credit to the company than as a preference over other creditors.

But if the facts were conclusively proved, the conclusion insisted on would not follow. It has been decided at this term that a sale or transfer of the property of an incorporated company, although made when the company was insolvent, and to prefer creditors, is not now prohibited by statute or objectionable in itself. *Wilkinson* v. *Bauerle, 14 Stew. Eq. 635.* This result was reached from a consideration of the effect of the repeal of the second section of the " act to prevent frauds by incorporated companies," approved April 15th, 1846. *Rev. p. 129.* Nor

can there be found in the remaining sections of that act which have been included in the "act concerning corporations," or in other existing legislation, any prohibition against a preference of corporate creditors by way of a mortgage of corporate property. The eightieth section of the last-mentioned act requires creditors to be paid in the distribution of an insolvent company's assets, proportionately to their debts, "excepting mortgage and judgment creditors, when the judgment has not been confessed for the purpose of preferring creditors." This evidently prohibits any preference, in distribution under the proceedings prescribed, to a judgment confessed for the purpose of preferring creditors. It may be that it constitutes an implied prohibition against any such preference. But the expression of a prohibition of preferences by way of a confessed judgment plainly excludes any intent to prohibit preferences by way of mortgage.

For these reasons the respondent Jameson is entitled to the proceeds of the property covered by his mortgage.

The receiver further contends that Jameson should be charged with $107.80, alleged to have been paid him by the company on the day the bill for a receiver was filed.

This contention cannot prevail.

If there is sufficient proof that such a payment was made, it was not in violation of the restraining order, for that was not served on the company's officers until the next day.

The only objection to this payment to be considered is that it was a transfer of the company's property, to prefer Jameson as a creditor after the company's insolvency. But, as we have seen, such a transfer is neither prohibited nor objectionable in itself.

The order made below, giving the whole proceeds to Jameson, should be affirmed.

*Order unanimously affirmed.*